**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Steve Cumbee and Palmetto Kitchen & Remodeling, LLC, Appellants,

v.

Bernard Milligan, Respondent.

Appellate Case No. 2022-001611

Appeal From Berkeley County
Dale Edward Van Slambrook, Master-in-Equity

Unpublished Opinion No. 2025-UP-048
Submitted January 1, 2025 – Filed February 12, 2025

**AFFIRMED**

Kindrea Nichole Wilson and Jarrel L. Wigger, both of Wigger Law Firm, of Charleston, for Appellants.

John B. Williams and J. Jay Hulst, both of Williams & Hulst, LLC, of Moncks Corner, for Respondent.

**PER CURIAM:** Steve Cumbee and Palmetto Kitchen & Remodeling, LLC[1] (collectively, Cumbee) appeal the master-in-equity's order awarding judgment to Bernard Milligan on Milligan's claim for relief under the South Carolina Unfair Trade Practices Act (SCUTPA).[2] On appeal, Cumbee argues the master erred in awarding Milligan treble damages and attorney's fees because the record does not support a finding that Cumbee's violations had potential for repetition or that they were knowing and willful. We affirm pursuant to Rule 220(b), SCACR.

We hold the master-in-equity did not err in awarding Milligan treble damages and attorney's fees pursuant to section 39-5-140(d). *See Jefferies v. Phillips*, 316 S.C. 523, 527, 451 S.E.2d 21, 22-23 (Ct. App. 1994) ("A claim under [SCUTPA] is an action at law. Therefore, [an appellate court] will correct any error of law, but . . . must affirm the master's factual findings unless there is no evidence that reasonably supports those findings." (citation omitted)); *Wright v. Craft*, 372 S.C. 1, 23, 640 S.E.2d 486, 498 (Ct. App. 2006) ("To recover in an action under [SCUTPA], the plaintiff must show: (1) the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected public interest; and (3) the plaintiff suffered monetary or property loss as a result of the defendant's unfair or deceptive act(s)."). First, Cumbee does not dispute his actions were unfair and deceptive or that his actions caused Milligan to suffer monetary loss; further, the evidence presented demonstrated Cumbee's unfair and deceptive acts had the potential for repetition and thus affected public interest. Thus, Milligan was entitled to recover under SCUTPA. *See Jefferies*, 316 S.C. at 527, 451 S.E.2d at 23 (stating the element of effect on public interest "must be proved by specific facts"); *Singleton v. Stokes Motors, Inc.*, 358 S.C. 369, 379, 595 S.E.2d 461, 466 (2004) ("An impact on the public interest may be shown if the acts or practices have the potential for repetition."); *Wright*, 372 S.C. at 30, 640 S.E.2d at 502 (stating potential for repetition may be shown by either (1) "showing the same kind of actions occurred in the past, thus making it likely they will continue to occur absent deterrence," or (2) "by showing the company's procedures create a potential for repetition of the unfair and deceptive acts"); *id.* (stating a court must evaluate each case on its own merits to determine whether a plaintiff has demonstrated a potential for repetition). Second, Milligan was entitled to treble damages and attorney's fees because Cumbee willfully or knowingly violated SCUTPA by affirmatively misrepresenting his licensure and permit status. *See* § 39-5-140(a) (providing for treble damages and other appropriate relief when

---

[1] Palmetto Kitchen & Remodeling, LLC is Cumbee's former business, which is now dissolved.

[2] *See* S.C. Code Ann. §§ 39-5-10 to -730 (2023).

a defendant's employment of unfair or deceptive practices was "willful or knowing"); § 39-5-140(d) ("[A] willful violation occurs when the party committing the violation knew or should have known that his conduct was a violation.").

**AFFIRMED.**[3]

**THOMAS, HEWITT, and VINSON, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.